UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                  Criminal Action No.
                                                 04-CR-80343-DT

vs.                                                  Civil Action No.
                                                 06-CV-11949-DT

MICHAEL PHILLIPS,

                                                 HON. BERNARD A. FRIEDMAN

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255

This matter is presently before the Court on Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence. The Government has not responded to Defendant's motion. Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court will decide this motion without an evidentiary hearing.

On April 18, 2005, Michael Phillips ("Defendant") plead guilty to one count of felon in possession of a firearm (18 U.S.C. § 922(g)(1)) and one count of possession of a firearm (18 U.S.C. § 922(k)). Defendant was sentenced to a total prison term of 108 months.

Almost one year later, Defendant filed a Section 2255 motion. In his motion, Defendant argues that his sentence should be set aside because his "lawyer mis-informed me of the requirement for the Government to establish jurisdiction." (Def.'s Mot., 11 at ¶ 13.) In other words, Plaintiff argues that he received ineffective assistance of counsel. Defendant further asserts that the Government did not establish jurisdiction over the land where the crime occurred. (Def.'s Mot., Aff. of Phillips.)

I.     **DEFENDANT'S SECTION 2255 MOTION TO VACATE, SET ASIDE OR CORRECT THE SENTENCE**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may challenge his conviction on the grounds that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." The Sixth Circuit has explained that "[t]o prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994) (quoting United States v. Ferguson, 918 F.2d 627, 630 (6th Cir. 1990)).

The Sixth Circuit has further explained that "[a] defendant asserting an ineffective assistance of counsel claim generally must show not only that defense counsel's performance was deficient but also that this deficient performance prejudiced the defense." Wong v. Money, 142 F.3d 313, 319 (6th Cir. 1998). See also Strickland v. Washington, 466 U.S. 668, 687 (1984) (same). Although this is a two-prong test, a court is not required to review both prongs; but rather, a court can dispose of an unsubstantiated ineffectiveness claim based on merely one prong. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The first prong—deficient performance—"requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The United States Supreme Court has stated that a "defendant must show that counsel's performance fell below an objective standard of reasonableness." Id. at 688. However, the Supreme Court has instructed courts to be "highly

2

deferential" when reviewing a lawyer's performance. Id. at 689. This means that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

As for the second prong—prejudice—a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In other words, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691. Thus, a defendant must satisfy both prongs of the test in order to succeed on an ineffectiveness claim.

Here, Defendant does not overcome the strong presumption in favor of effective assistance of counsel. Defendant has not shown an error by counsel that affected the outcome of the trial. In fact, the Court finds that the existence of jurisdiction was quite apparent. Thus, Defendant has neither stated a sufficient claim for ineffective assistance of counsel, nor shown a lack of jurisdiction.

## II. CONCLUSION

For the reasons stated above, the Court finds that Defendant did not demonstrate that his counsel was ineffective or that jurisdiction did not exist. Accordingly,

IT IS ORDERED that Defendant's motion under Section 2255 to vacate, set aside or correct the sentence is denied.

s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: November 7, 2006
Detroit, Michigan

I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.

/s/ Patricia Foster Hommel
Patricia Foster Hommel
Secretary to Chief Judge Friedman